IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAREN KIRKPATRICK,                   ) | |
|                                                              ) | |
|            Plaintiff              ) | |
|                                                              ) | |
| v.                                                        ) | Case No. CIV-09-92-C |
|                                                              ) | |
| PFIZER, INC.,                                   ) | |
|                                                              ) | |
|            Defendant       ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff was employed by Defendant as a pharmaceutical sales representative. In this position, Plaintiff was responsible for calling on various doctors in her region and attempting to "sell" them Defendant's products. Plaintiff began employment with Defendant in 2000 after Defendant acquired the company for which Plaintiff previously worked. As a sales representative, Plaintiff had possession of "starters" or samples of Defendant's drugs which she was to distribute to physicians in her territory. When a starter was given to a physician, the representative was to complete a starter form. The sales representative was also required to input an electronic record of each starter transaction into an electronic database maintained by Defendant. According to Defendant, in June or July of 2006, Plaintiff's name appeared on a "No Starter Activity Report." Defendant posits that this report reflects the names of any employees who failed to synch or report any starter transactions for at least a week. On July 20, 2006, Plaintiff met with representatives of Defendant. According to Defendant, at the

meeting Plaintiff admitted to falsifying starter reports. Following that meeting, Defendant contends it continued an investigation into Plaintiff's job performance. Ultimately on August 21, 2006, Plaintiff was terminated. Defendant asserts the termination was premised on its consideration of all aspects of Plaintiff's performance.

Following her termination, Plaintiff filed the present action asserting that Defendant unlawfully discriminated against her due to her age. Plaintiff also claims that Defendant's conduct constituted the intentional infliction of emotional distress ("IIED"). Defendant filed the present motion asserting the undisputed material facts demonstrate there was no discrimination or infliction of emotional distress.

## **STANDARD OF REVIEW**

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into

evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## DISCUSSION

A. AGE CLAIM

Because Plaintiff has offered no direct evidence of discrimination, her claims must be analyzed under the familiar McDonnell Douglas[*] framework. Beaird v. Seagate Tech. Inc., 145 F.3d 1159, 1165 (10th Cir. 1998) (applying McDonnell Douglas to ADEA claim). Application of that analytical framework is a multi-step task. First, Plaintiff must establish the existence of a prima facie case.

> In termination cases, a prima facie case of age discrimination ordinarily requires the plaintiff to show that he or she was: (1) within the protected class of individuals 40 or older; (2) performing satisfactory work; (3) terminated

---

[*] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

>from employment; and (4) replaced by a younger person, although not necessarily one less than 40 years of age.

Adamson v. Multi Cmty. Diversified Servs., Inc., 514 F.3d 1136, 1146 (10th Cir. 2008) (citing Greene v. Safeway Stores, Inc., 98 F.3d 554, 557-60 (10th Cir. 1996)). Once Plaintiff has met her burden, the burden shifts to Defendant to offer a legitimate nondiscriminatory reason for its actions. Garrett v. Hewlett-Packard Co., 305 F.3d 1210, 1216 (10th Cir. 2002). If Defendant meets this burden, Plaintiff must then demonstrate either that her age was the real reason for Defendant's conduct or show that Defendant's action was a mere pretext. Id.

Here, there is agreement that Plaintiff has established the first, third, and fourth elements of her prima facie case. However, Defendant argues Plaintiff cannot establish that she was performing satisfactory work, and therefore has failed to make out a prima facie case. The Court disagrees. The evidence on which Defendant relies to refute Plaintiff's showing is not properly considered at the prima facie stage.

>[R]uling that the plaintiffs did not establish a prima facie case based on the reasons for their discharge,
>
>>"raise[d] serious problems under the McDonnell Douglas analysis, which mandates a full and fair opportunity for a plaintiff to demonstrate pretext. Short-circuiting the analysis at the prima facie stage frustrates a plaintiff's ability to establish that the defendant's proffered reasons were pretextual and/or that age was the determining factor; if a plaintiff's failure to overcome the reasons offered by the defendant for discharge defeats the plaintiff's prima facie case, the court is then not required to consider plaintiff's evidence on these critical issues."
>
>[MacDonald v. Eastern Wyoming Mental Health Center,]941 F.2d [1115] at 1119 [(10th Cir. 1991) (*abrogated on other grounds.*)]. We therefore held that the employer's reasons for the adverse action are not "appropriately brought

> as a challenge to the sufficiency of [the plaintiff's] prima facie case." Id. at 1120 (quoting Yarbrough v. Tower Oldsmobile, Inc., 789 F.2d 508, 512 (7th Cir. 1986)). Rather, the employer's evidence is properly considered in addressing whether those articulated reasons are legitimate or merely a pretext for discrimination.

Kenworthy v. Conoco, Inc., 979 F.2d 1462, 1470 (10th Cir. 1992). Because Plaintiff has offered evidence demonstrating that she was performing satisfactory work, the Court finds she has established a prima facie case. The burden now shifts to Defendant to offer a legitimate nondiscriminatory reason for Plaintiff's termination.

In meeting its burden, Defendant tenders two reasons for Plaintiff's termination: her failure to adequately perform her job duties despite repeated coaching by her supervisor and her failure to adhere to Defendant's policies and procedures regarding the starter forms. Defendant asserts that in terminating Plaintiff it relied on its good faith belief that Plaintiff had violated these policies and federal law and therefore her termination was warranted. In this regard, Defendant has met its burden of supplying a legitimate non-discriminatory reason for Plaintiff's termination. The burden now shifts back to Plaintiff to demonstrate Defendant's proffered reason is pretext.

Plaintiff tenders five arguments which she asserts demonstrate Defendant's grounds for termination are pretext. First, Plaintiff notes that in evaluating her conduct regarding the starter forms, Defendant deviated from its past practice by not conducting a longitudinal audit. Second, Plaintiff relays age-biased comments offered by her supervisor, Mr. Holt. Third, Plaintiff notes that Defendant's reaction to her alleged deficiencies differed from the reaction to other younger employees' similar deficiencies. Fourth, Plaintiff points out

contradictions and inconsistencies in Defendant's position regarding her termination. Fifth, Plaintiff asserts that Defendant's position is illogical.

As the parties are well aware, at this stage the Court is required to consider the proffered evidence in the light most favorable to the non-moving party, which in this instance is Plaintiff. Stover v. Martinez, 382 F.3d 1064, 1070 (10th Cir. 2004). In undertaking this review, the Court is not to consider each portion of Plaintiff's claim individually, but to look at the whole of Defendant's actions towards her. In viewing the evidence in this manner, the Court finds summary judgment is inappropriate. Plaintiff has offered evidence which, when viewed in the light most favorable to her, demonstrates that her supervisor made age-related comments, treated her much differently than he did younger subordinates, and failed to follow Defendant's previous course of action in investigating Plaintiff's alleged wrongdoing. While the evidence in favor of Plaintiff is sparse, the Court cannot say that it is so one-sided as to entitle Defendant to judgment as a matter of law. Fed. R. Civ. P. 56(c).

B.  IIED CLAIM

Plaintiff also claims that Defendant's conduct to her amounts to the intentional infliction of emotional distress. Defendant argues that Plaintiff's claims must fail as a matter of law. After consideration of the parties' arguments and evidence the Court agrees.

To establish her IIED claim Plaintiff must plead and prove outrageous conduct and severe emotional distress. See Zeran v. Diamond Broad., Inc., 203 F.3d 714, 720 (10th Cir. 2000). In considering IIED claims, the Court acts as a gatekeeper, making an initial determination about the validity of Plaintiff's claim before sending it to the jury.

> The court, in the first instance, must determine whether the defendant's conduct may reasonably be regarded so extreme and outrageous as to permit recovery, or whether it is necessarily so. Where, under the facts before the court, reasonable persons may differ, it is for the jury, subject to the control of the court, to determine whether the conduct in any given case has been significantly extreme and outrageous to result in liability. Likewise, it is for the court to determine, in the first instance, whether based upon the evidence presented, severe emotional distress can be found. It is for the jury to determine whether, on the evidence, severe emotional distress in fact existed.

Breeden v. League Servs. Corp., 1978 OK 27, ¶ 12, 575 P.2d 1374, 1377-78 (Okla. 1978) (footnote omitted). Here, the Court finds Plaintiff has failed to offer any evidence from which a reasonable juror could find that Defendant's actions were extreme or outrageous. While Plaintiff may be able to prove that Defendant's conduct was distasteful, she cannot prove it was so extreme and outrageous as to be beyond all possible bounds of decency. See Eddy v. Brown, 1986 OK 3, ¶ 7, 715 P.2d 74, 77 (Okla. 1986):

> Conduct which, though unreasonable, is neither "beyond all possible bounds of decency" in the setting in which it occurred, nor is one that can be "regarded as utterly intolerable in a civilized community," falls short of having actionable quality. Hurt feelings do not make a cause of action under the tort-of-outrage rubric.

Plaintiff's IIED claim also fails the second element. What constitutes severe emotional distress is restricted. Indeed, in Zeran, the Tenth Circuit upheld the district court's finding of no IIED claim where the plaintiff had suffered anxiety attacks, received threatening and abusive telephone calls, sought medical care, and began taking a prescription drug for his anxiety. Zeran, 203 F.3d at 721. Courts have repeatedly held that the suffering must be extreme or utterly intolerable in a civilized society.

> "[I]n order to prevent the tort of outrage from becoming a panacea for all of life's ills, recovery must be limited to distress that is severe." In other words, the distress must be of such a character that "no reasonable person could be expected to endure it." Such distress is often accompanied by "shock, illness, or other bodily harm," but bodily harm is not a prerequisite for demonstrating severe emotional distress.

Daemi v. Church's Fried Chicken, Inc., 931 F.2d 1379, 1389 (10th Cir. 1991) (internal citations omitted). Here, although Plaintiff offers argument that she suffered from various physical maladies as a result of Defendant's conduct, she has failed to offer evidence from which a reasonable jury could find that her distress was severe. Accordingly, Defendant is entitled to judgment on Plaintiff's claim for intentional infliction of emotional distress.

C.  BURK CLAIM

The parties are in dispute regarding whether Defendant properly challenged Plaintiff's claim for wrongful termination in violation of Oklahoma's public policy as set out in Burk v. K-mart Corp., 1989 OK 22, 770 P.2d 24. Plaintiff argues that Defendant made no mention of that claim in its motion and because Plaintiff has a lighter burden of proof, that claim must survive summary judgment even if her ADEA claim were to fail. Defendant argues that it clearly attacked Plaintiff's Burk claim by attacking the substance of her ADEA claim. While the Court is not persuaded that Defendant has properly raised an attack on the Burk claim, in light of the Court's resolution of the challenge to the ADEA claim, the argument is moot. The same facts precluding entry of judgment on the ADEA claim preclude entry of judgment on the Burk claim regardless of the standard for making a prima facie case. Accordingly, to

the extent Defendant's motion could be read to challenge Plaintiff's <u>Burk</u>-based claim, the motion will be denied.

## **CONCLUSION**

As set forth more fully herein, Defendant's Motion for Summary Judgment (Dkt. No. 143) is DENIED in part and GRANTED in part.  Defendant is entitled to judgment on Plaintiff's claims for intentional infliction of emotional distress.  In all other respects, Defendant's motion is denied.  A separate judgment will issue at the close of this case.

IT IS SO ORDERED this 13th day of April, 2009.

ROBIN J. CAUTHRON
United States District Judge