IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KAREN KIRKPATRICK, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. CIV-09-92-C |
| | ) | |
| PFIZER, INC., | ) | |
| | ) | |
| Defendant | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff has retained Ms. Gaye Tibbets as an expert in this case and tenders her to

offer expert testimony regarding the nature of the meetings involving Plaintiff in July of

2006. According to Plaintiff, Ms. Tibbets will offer testimony that the meetings were not

investigatory meetings. Defendant has filed the present motions[*] seeking to prevent Ms.

Tibbets from testifying at the trial of this matter. According to Defendant, Ms. Tibbets'

testimony will not be helpful to the trier of fact, she is not qualified as an expert, and the

substance of her testimony is not premised on proper fundamentals or sufficient facts or data.

The Court, having reviewed the parties' briefs and attachments, finds that Ms.

Tibbets' testimony will not be presented to the jury. First, the substance of Ms. Tibbets'

testimony lacks sufficient relevance to the issues to be decided by the jury. Whether or not

the July meeting was investigatory is of minimal significance in this case. Rather, the nature

of the meeting is but one part of the overall picture of whether or not Defendant

---

[*] Defendant filed a Motion to Strike and then deposed Ms. Tibbets and filed a second Motion to Strike. The second motion adopts the arguments raised in the first. Both motions will be resolved by this Order.

discriminated against Plaintiff.  Certainly the jury can consider the evidence and/or testimony regarding the meeting, its nature, and the conduct of the participants and decide for itself what weight, if any, to give those facts in evaluating Plaintiff's claims.  Thus, expert testimony is not needed on the issue.  See Fed. R. Evid. 702.  Second, the Court finds Ms. Tibbets' proposed testimony would invade the province of the jury.  While the Court is mindful of Fed. R. Evid. 704, the proposed testimony would do more than merely offer an opinion that touches on the ultimate issue.  Rather, Ms. Tibbets' testimony, if allowed, would instruct the jury on what decision to reach about certain facts.  Thus, the proposed testimony is improper.  Finally, and inclusive of the above reasons, the Court finds Ms. Tibbets' proposed testimony would violate Fed. R. Evid. 403 as it would result in an undue waste of time.  When stripped of the portions which would violate the Court's first and second reasons, the remaining testimony would be nothing more than a rehash of the testimony of the other participants in the meeting.  Accordingly, the testimony would be cumulative and an unnecessary expenditure of the Court's and the jury's time.

For the reasons set forth herein, Defendant's Motion to Strike Expert Report and Testimony of Gaye B. Tibbets (Dkt. No. 108) and Defendant's Motion in Limine to Exclude the Reports and Testimony of Gaye B. Tibbets (Dkt. No. 173) are GRANTED.

IT IS SO ORDERED this 1st day of May, 2009.

ROBIN J. CAUTHRON
United States District Judge

2