IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KAREN KIRKPATRICK, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. CIV-09-92-C |
| | ) | |
| PFIZER, INC., | ) | |
| | ) | |
| Defendant | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff filed a number of Motions in Limine seeking to limit or exclude certain evidence she believes Defendant will offer at trial. The following rulings will address these motions:

Plaintiff seeks to prevent Defendant from eliciting testimony regarding Plaintiff's opinion about certain of Defendant's employees' state of mind. During her deposition, Plaintiff was asked if she thought the employees actually believed she had committed the wrongs of which she was accused. Now Plaintiff argues her testimony is improper opinion testimony from a lay witness. The Court finds Plaintiff's argument without merit. It is clear from the testimony excerpts and arguments that the challenged opinions were formed after Plaintiff had ample opportunity to observe the employees and the circumstances under which they were made. The Circuit has held that in such instances, admission of lay opinion testimony is permissible. See Gossett v. Okla. ex rel. Bd. of Regents for Langston Univ., 245 F.3d 1172, 1179 (10th Cir. 2001). Accordingly, Plaintiff's motion will be denied.

Plaintiff seeks to exclude evidence regarding her finances. Plaintiff notes that Defendant has elicited testimony from her and her husband regarding their financial

condition and the fact that they are financially comfortable. Plaintiff argues that allowing such evidence to be presented to the jury would prejudice her, as the jury would consider the information in determining the amount of damages which she should be awarded. Although there is some merit in the argument raised by Plaintiff, the Court finds her motion is too broad. As noted by Defendant in its response brief, the evidence certainly has some relevance to the issues to be decided by the jury. Clearly, the other issues existing in Plaintiff's life could play a role in the exacerbation of her medical condition. Likewise, they may play some role in her job performance. Thus, the Court will permit the evidence but warns Defendant that its use must be tightly circumscribed and Plaintiff may certainly raise a contemporaneous objection if she believes Defendant has offered it for an improper purpose.

Plaintiff seeks to exclude offers of settlement and evidence regarding the Kansas court's grant of summary judgment on Ms. Wagoner's claim. Defendant notes that it has no intent to offer settlement evidence and is well aware of Fed. R. Evid. 408's proscription on such evidence. As for Ms. Wagoner, Defendant asserts that the Court's ruling on its Motion in Limine seeking to prevent Plaintiff from offering testimony regarding Ms. Wagoner will determine whether it will oppose this request. The Court would agree that, to the extent Plaintiff is permitted to argue similarities between her claim and Ms. Wagoner's, it would be proper to offer the ultimate disposition of Ms. Wagoner's case.

Plaintiff seeks to limit evidence regarding the review of her termination by an employee relations panel. According to Plaintiff, Defendant has always professed that her

termination was made by two employees, Mr. McAllister and Mr. George, yet at the eleventh hour, Defendant offers argument that the termination was actually referred to the employee relations panel who supported the decision to terminate Plaintiff.  Plaintiff complains that Defendant has never relied on the defense of advice of counsel or good faith reliance on the panel as grounds for her termination. According to Plaintiff, permitting such argument now, on the eve of trial, would unduly prejudice her.  Defendant states that its position has never changed; that Plaintiff was in fact terminated based on the decision of Messrs. McAllister and George; and the panel merely reviewed the decision as required by policy.  Defendant asserts that Plaintiff has argued as proof of pretext that Defendant failed to follow its procedures and therefore evidence of the panel should be admitted to refute this argument.  The Court finds it impossible to resolve this issue at this stage.  Based on the Court's review of Plaintiff's summary judgment response, the policy she argues Defendant failed to follow as evidence of pretext was not the employee relations panel.  Thus, the evidence surrounding the panel would lack relevance.  However, depending on the evidence or argument offered by Plaintiff, the panel evidence could become relevant.  Accordingly the Court defers any ruling on the motion pending trial.  Neither party shall offer any evidence or argument related to the panel without first obtaining a final ruling from the Court.

Finally, Plaintiff seeks to preclude evidence of the contents of the no starter activity reports. Here, Plaintiff again complains of Defendant's failure to produce the reports during discovery.  As the Court noted in its earlier ruling on Plaintiff's motion (Dkt. No. 213), the reports were destroyed in the usual course of business before it was clear Defendant had a

duty to preserve them. Further, it is apparent that the facts and evidence on which the reports were based have been disclosed. Thus, there is no prejudice to Plaintiff and no basis to exclude what is clearly relevant evidence. Plaintiff's motion will be denied.

As set forth more fully herein, Plaintiff Karen Kirkpatrick's Motion in Limine Regarding Testimony as to State of Mind of Pfizer Representatives (Dkt. No. 236) is DENIED; Plaintiff Karen Kirkpatrick's Miscellaneous Motion in Limine (Dkt. No. 237) is GRANTED in part and DENIED in part; Plaintiff Karen Kirkpatrick's Motion in Limine to Prohibit Introduction of Evidence or Testimony Regarding Reference of Her Case to an Employee Relations Panel, Advice of Counsel or Good Faith (Dkt. No. 238) is DEFERRED until trial; and Plaintiff Karen Kirkpatrick's Motion in Limine to Prohibit Introduction of Evidence or Testimony Regarding Contents of No Starter Activity Reports (Dkt. No. 239) is DENIED.

IT IS SO ORDERED this 6th day of May, 2009.

ROBIN J. CAUTHRON
United States District Judge