IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

KAREN KIRKPATRICK,                  )
                                    )
                    Plaintiff       )
v.                                  )     Case No. CIV-09-92-C
                                    )
PFIZER, INC.,                       )
                                    )
                    Defendant       )

<u>MEMORANDUM OPINION AND ORDER</u>

Defendant filed a number of Motions in Limine seeking to limit or exclude certain evidence it believes Plaintiff will offer at trial. The following rulings will address these motions:

Defendant argues that Plaintiff should not be permitted to offer the testimony of either Dr. Mark Wellington or Dr. Gary Ratliff, as their testimony lacks relevance. Plaintiff asserts she does not intend to offer Dr. Wellington as a witness but does intend to offer the testimony of Dr. Ratliff. According to Plaintiff, Dr. Ratliff will offer relevant testimony on Plaintiff's use of the starter forms. Plaintiff also notes that Dr. Ratliff is mentioned in Ms. Chaudhari's notes from her interview of Plaintiff. The Court finds that Dr. Ratliff's testimony has sufficient relevance to warrant its introduction to the jury. Accordingly, Defendant's motion will be denied as to Dr. Ratliff.

Defendant argues that the alleged age-related comments of Mr. McAllister should be excluded as hearsay. According to Defendant, Plaintiff intends to offer a comment made to Plaintiff by Mr. Holt which repeated a comment made by Mr. McAllister about Plaintiff's

age.  The Court finds that for the limited purpose of showing Defendant's state-of-mind the statements are admissible.  Because the statements are not offered for their truth, but to purportedly demonstrate Defendant's discriminatory animus, they are not hearsay.  See Fed. R. Evid. 801(c).  Defendant's motion will be denied.

Defendant seeks to prevent testimony regarding the destruction of the no-starter activity reports and/or the alleged alteration of notes by Ms. Chaudhari.  Defendant argues the evidence on these issues can only be offered in an attempt to prejudice the jury.  The Court disagrees.  It is apparent that testimony will be offered regarding Plaintiff's appearance on the no-starter activity report.  It is also apparent that evidence regarding the meeting between Plaintiff and Ms. Chaudhari will be presented to the jury.  To exclude the evidence challenged by Defendant would leave the jury with an incomplete picture of these events.  While the Court will not permit Plaintiff to attach some sinister intent to Defendant's actions regarding the report or notes, evidence regarding the existence of the report and its demise and evidence regarding the changes made to the notes by Ms. Chaudhari will be allowed.  Defendant's motion will be denied.

Defendant seeks to exclude evidence of its size and/or financial condition, arguing that evidence lacks relevance and its probative value is outweighed by the danger of unfair prejudice.  Plaintiff argues that the jury must have an understanding of the size of Defendant to appreciate the corporate culture and the relationship of its upper level managers to persons such as herself.  Plaintiff also notes that the evidence will be admissible should the

jury find she is entitled to punitive damages.  The Court finds Defendant's motion will be granted.  Evidence of Defendant's size and/or financial condition lacks any relevance at the first stage of the trial.  In the event the jury finds Plaintiff is entitled to punitive damages, Plaintiff may offer appropriate evidence.  However, the Court would encourage the parties to enter into a stipulation regarding the evidence to be submitted should that point be reached.  Defendant's motion will be granted.

Defendant argues that Plaintiff should be barred from offering the testimony of Ms. Jennings.  According to Defendant, Ms. Jennings' testimony should be barred because she has no personal knowledge regarding Plaintiff's discrimination claims.  In response, Plaintiff argues she intends to only offer a very limited portion of Ms. Jennings' testimony by deposition and that the testimony is relevant on the issue of Plaintiff's knowledge of policies and the other disciplinary options available to Defendant short of terminating Plaintiff.  The Court finds Ms. Jennings' testimony will be excluded.  Though limited in time from Plaintiff's perspective, Plaintiff has not offered evidence concerning the time needed for Defendant to appropriately respond.  Given the limited usefulness of Ms. Jennings' testimony to the issues for determination by the jury, the Court finds any expenditure of time would be wasteful.  See Fed. R. Evid. 403.  Defendant's motion will be granted on this issue.

Defendant seeks to prevent Plaintiff from offering evidence of an alleged conspiracy it undertook against older workers.  With the exception of Ms. Wagoner, who will be

discussed below, Plaintiff asserts she does not intend to offer any evidence of a conspiracy or the treatment of other employees by Defendant.  Accordingly, Defendant's motion will be granted.

Defendant argues that Plaintiff should be barred from offering testimony regarding the alleged discrimination of other employees.  In response, Plaintiff concedes that she intends to offer evidence only about the treatment of Ms. Wagoner.  Defendant argues that evidence regarding Ms. Wagoner's allegations is overly prejudicial and lacks sufficient relevance to Plaintiff's claims.  Plaintiff counters, arguing the similarity in the alleged treatment of Ms. Wagoner and her is relevant as it will support her claims.  Plaintiff further sets out several similarities between Defendant's purported treatment of her and Ms. Wagoner.  Thus, the Court finds that Plaintiff has met the legal standard necessary to permit admission of Ms. Wagoner's testimony.  See Sprint/United Mgmt. Co. v. Mendelsohn, ___ U.S. ___, ___, 128 S.Ct 1140, 1146-47 (2008).  However, as noted in the Court's Order resolving Plaintiff's Motions in Limine, should Plaintiff elect to offer this evidence, Defendant will be permitted to offer evidence of the ultimate disposition of Ms. Wagoner's claim.  Defendant's motion will be denied as to Ms. Wagoner and granted in all other respects.

Defendant seeks an order precluding Plaintiff from offering evidence regarding the causation of her medical condition.  According to Defendant, Plaintiff intends to offer the testimony of Dr. Robert Wilson on the issue of her medical condition.  Defendant complains

that Dr. Wilson was not disclosed as an expert as required by Fed. R. Civ. P. 26(a)(2)(A) and that the grounds for Dr. Wilson's opinions are overly speculative.  As Plaintiff notes, Dr. Wilson is not subject to the requirements of Rule 26 because he is not a witness specially retained for trial.  Fed. R. Civ. P. 26(a)(2)(B).  Rather, Dr. Wilson is Plaintiff's long-term, treating physician and his testimony is based on that history.  However, as a "non-expert" Dr. Wilson's testimony is restricted by the requirements of Fed. R. Evid. 701.  See Davoll v. Webb, 194 F.3d 1116, 1138 (10th Cir. 1999).  Thus, Dr. Wilson's testimony must be limited to his treatment of Plaintiff and any observations he made during that treatment.  In that regard, Dr. Wilson may offer medical testimony to explain his treatment but may not offer opinions which extend beyond the scope of his treatment of Plaintiff.  Therefore, Defendant's motion will be denied.

Defendant's Motion in Limine to Bar Testimony of Mark Wellington and Gary Ratliff (Dkt. No. 244) is GRANTED in part and DENIED in part; Defendant's Motion in Limine to Exclude Evidence Regarding Pfizer's Size or Financial Condition (Dkt. No. 245) is GRANTED; Defendant's Motion in Limine to Bar Testimony Regarding Alleged Age-Related Comments of Curt McAllister (Dkt. No. 246) is DENIED; Defendant's Motion in Limine to Bar Any Testimony and/or Statement Regarding the Destruction of Documents or Alteration of Notes by Pfizer (Dkt. No. 247) is DENIED; Defendant's Motion in Limine to Bar Testimony of Julie Jennings (Dkt. No. 248) is GRANTED; Defendant's Motion in Limine to Exclude Evidence of an Alleged Conspiracy Against Older Workers (Dkt. No.

5

249) is GRANTED; Defendant's Motion in Limine to Exclude Other Allegations of Discrimination (Dkt. No. 251) is GRANTED in part and DENIED in part; Defendant's Motion in Limine to Bar Testimony Regarding Causation of Kirkpatrick's Medical Condition (Dkt. No. 253) is DENIED.

IT IS SO ORDERED this 6th day of May, 2009.

ROBIN J. CAUTHRON
United States District Judge