IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAREN KIRKPATRICK, ) | |
| ) | |
| Plaintiff ) | |
| v. ) | Case No. CIV-09-92-C |
| ) | |
| PFIZER, INC., ) | |
| ) | |
| Defendant ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff was employed by Defendant as a pharmaceutical sales representative. In 2006, Plaintiff was terminated. Asserting her termination was in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA"), Plaintiff filed suit seeking redress from Defendant. After Plaintiff presented her evidence, Defendant filed the present Motion for Entry of Judgment as a Matter of Law, pursuant to Fed. R. Civ. P. 50(a)(1). According to Defendant, Plaintiff failed to present evidence at trial from which a reasonable jury could find in her favor.

Having considered the motion, Plaintiff's response, and the evidence presented at trial, the Court finds Defendant's motion should be granted. As the Court made clear in its Order denying summary judgment, the evidence in favor of Plaintiff's claim is sparse. The Court denied Defendant's summary judgment motion in part because there was evidence that Defendant did not follow procedures arguably required when starter form falsification is suspected or proved – evidence which could have supported an inference of age

discrimination.  Having heard the evidence at trial, however, there is an entirely age-neutral explanation for the omissions.  The investigation and termination of Plaintiff occurred in the same manner as with other similarly situated employees, whether in the protected age class or not.  Further, it became clear at trial that regardless of the accuracy of the opinion, the employees of Defendant who made the termination decision believed in good faith that Plaintiff had violated policy and that that violation warranted termination.  Plaintiff makes much of the age-related comments she claims were directed at her.  The Court finds those comments too temporally remote and too infrequent to permit a reasonable jury to find they are evidence of an intent to discriminate.  Indeed, it was clear at trial the comments could have been as easily construed as compliments and that at least one of the comments was made not as a question about Plaintiff's plans but as a means to highlight one of the benefits of working for Defendant – early retirement.  Absent those comments there simply was no evidence that Plaintiff's age played any role in Defendant's decision to terminate her. Finally, the Court is mindful that Plaintiff has established a prima facie case of age discrimination and has offered evidence that the reasons offered by Defendant for the termination – falsified starter forms – are false.  But there is absolutely no evidence Defendant did not have a good faith belief that forms had been falsified and that falsification required termination.  Thus there is no evidence from which a reasonable jury could take the necessary step and find that age discrimination was the true reason for Plaintiff's termination. Consequently, this case falls within the scope of <u>Miller v. Eby Realty Group LLC</u>, 396 F.3d

1105, 1111 (10th Cir. 2005) ( "[i]n drawing [a <u>Reeves</u>-type[*]] inference, the factfinder must be able to conclude, based on a preponderance of the evidence, that discrimination was a determinative factor in the employer's actions–simply disbelieving the employer is insufficient.").

As set forth more fully herein, Defendant's Motion for Entry of Judgment as a Matter of Law (Dkt. No. 312) GRANTED.

IT IS SO ORDERED this 19th day of May, 2009.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge

---

[*] See <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133 (2000).